UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE MOLINA,

    Plaintiff,

v.

    Hon. Janet T. Neff

    Case No. 1:14-CV-648

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and*

*Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 33 years of age on her alleged disability onset date. (Tr. 263). She successfully completed high school and worked previously as a cashier and tool crib attendant. (Tr. 23). Plaintiff applied for benefits on January 19, 2011, alleging that she had been disabled since July 23, 2008, due to depression, celiac disease, herniated discs, and hypothyroidism. (Tr. 263-75, 303). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 102-202). On October 26, 2012, Plaintiff appeared before ALJ Nicholas Ohanesian with testimony being offered by Plaintiff and a vocational expert. (Tr. 35-101). In a written decision January 17, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 14-25). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-5). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on September 30, 2012. (Tr. 16). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) degenerative disc disease of the cervical spine; (2) celiac disease; (3) irritable bowel syndrome; (4) headaches; (5) depression; (6) dependant personality disorder; (7) attention deficit hyperactivity disorder; (8) obsessive compulsive

---

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

disorder; and (9) anxiety, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 16-18).

The ALJ next determined that Plaintiff retained the capacity to perform sedentary work subject to the following limitations: (1) she can frequently climb ramps and stairs, but can never climb ladders, ropes, or scaffolding; (2) she can frequently balance, but only occasionally stoop, kneel, crouch, and crawl; (3) she can only occasionally reach overhead; (4) she must avoid concentrated exposure to extreme cold and excessive vibration; (5) she must avoid all exposure to hazards such as machinery and unprotected heights; (6) she is limited to simple, routine, and repetitive tasks with no contact with the public; (7) she can have only occasional contact with co-workers and cannot perform tandem tasks; and (8) she is limited to isolated work with only occasional supervision. (Tr. 18).

The ALJ found that Plaintiff cannot perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of

jobs which a particular claimant can perform, her limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 4,500 jobs in the state of Michigan, and approximately 147,000 nationwide, which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 91-95). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.     **The ALJ Failed to Properly Evaluate the Opinion Evidence**

As discussed below, the ALJ failed to properly evaluate the opinion evidence submitted by two of Plaintiff's care providers, Dr. Robert Seledotis and psychologist Carol Sunday-Rasche, thereby necessitating that this matter be remanded for further administrative action.

A.     Dr. Seledotis

On three occasions, Dr. Seledotis offered opinions regarding Plaintiff's physical functional capacity. (Tr. 716, 905, 1007). On December 7, 2010, the doctor reported that Plaintiff could work subject to the following limitations: (1) no lifting more than 15 pounds; (2) no repetitive bending, twisting, reaching, or stretching; and (3) no repetitive arm movements. (Tr. 716). On July 28, 2011, the doctor reported that Plaintiff could work subject to the following limitations: (1) no lifting more than 15 pounds; (2) no bending, twisting, or stretching; and (3) she was unable to work

more than 25 hours weekly. (Tr. 905). On September 13, 2012, the doctor reiterated these latter restrictions. (Tr. 1007). The ALJ afforded "little weight" to the doctor's opinions.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any

subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

There are two aspects of the doctor's subsequent opinions that are inconsistent with the ALJ's RFC determination: (1) the limitation to working 25 hours weekly and (2) the restriction to performing no bending, twisting, or stretching activities. With respect to Dr. Seledotis' opinion that Plaintiff could work only 25 hours weekly, the ALJ discounted such on the ground that the doctor's opinion "conflict[s] with Dr. Dillman's evaluation that the claimant could work 40 hours per week." (Tr. 22). However, the ALJ concluded that Dr. Dillman's opinion was entitled to "little

weight." (Tr. 22). Thus, the ALJ's sole justification for rejecting Dr. Seledotis' opinion that Plaintiff could not work a full-time job was that such opinion conflicted with another opinion which, in the ALJ's estimation, was entitled to little weight. Such hardly constitutes substantial evidence. The second shortcoming with the ALJ's assessment of Dr. Seledotis' opinion is that the ALJ completely ignored the doctor's opinion that Plaintiff was unable to perform bending, twisting, or stretching activities. This failure is not harmless because this aspect of Dr. Seledotis' opinion conflicts with the ALJ's RFC determination.

        B.     Carol Sunday-Rasche, LLP

On January 27, 2012, Carol Sunday-Rasche, LLP, completed a report regarding Plaintiff's "ability to do mental work-related activities." (Tr. 907-09). Sunday-Rasche concluded that Plaintiff was far more limited in her ability to function than the ALJ concluded. In discounting Sunday-Rasche's opinion, the ALJ stated, "the agency consultant in Exhibit 21F receives little weight for her lack of discussion of the moderate and extreme limitations." (Tr. 22). However, Ms. Sunday-Rasche was not an agency consultant, but rather was Plaintiff's treating psychologist.

With respect to his assessment of the opinion evidence, the ALJ expressly stated that he "evaluated each medical source's relationship to the claimant" and considered "whether they served as a treating source." (Tr. 21). When an ALJ evaluates medical opinion evidence, the distinction between opinions from treating sources and non-treating sources is significant. As noted above, opinions from treating sources are entitled to controlling weight if certain conditions are satisfied. On the other hand, opinions from non-treating sources are not entitled to any deference. *See, e.g., Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). Thus, as Plaintiff argues, the ALJ's

mistaken belief as to whether Sunday-Rasche was a treating source misinformed the ALJ's analytical framework relative to the opinions in question. Thus, because there is no indication that the ALJ analyzed the opinions in question pursuant to the proper standard, the Court simply cannot conclude that the ALJ's assessment thereof is supported by substantial evidence.

Defendant seeks to avoid this conclusion by arguing that Sunday-Rasche, a limited license psychologist, does not enjoy treating physician status because she is not an acceptable medical source. Social Security regulations define which medical sources are considered "acceptable." 20 C.F.R. § 404.1513. Specifically, the relevant regulation provides that "licensed or certified psychologists" are considered acceptable medical sources. *Id.* This regulation does not define the nature of the license which a psychologist must possess to be considered an acceptable source, but instead simply states that to be considered an acceptable medical source a psychologist must be "licensed." Sunday-Rasche is a limited *license* psychologist.

Defendant has cited to a single non-controlling decision holding that limited license psychologists are not acceptable medical sources. *See Hogston v. Commissioner of Social Security*, 2013 WL 5423781 at *9-10 (E.D. Mich., Sept. 26, 2013). The Court is unpersuaded by this authority, however. In finding that a limited license psychologist was not an acceptable medical source, the *Hogston* court simply noted that "an LLP has not achieved full licensure." *Id.* at *9. There is no dispute that a "fully licensed" psychologist possesses greater training and experience than a limited license psychologist. Both are nevertheless *licensed* psychologists. As noted above, to be considered an acceptable medical source, a psychologist need only be "licensed or certified." As Sunday-Rasche is a licensed psychologist, the Court finds her to be an acceptable medical source. *See, e.g., Bagley v. Commissioner of Social Security*, 2013 WL 5176765 at *10 (W.D. Mich., Sept.

16, 2013); *Malewitz v. Commissioner of Social Security*, 2014 WL 769629 at *4 (W.D. Mich., Feb. 26, 2014). In sum, for the reasons articulated herein, the Court concludes that the ALJ failed to properly assess the opinions expressed by Dr. Seledotis and Carol Sunday-Rasche.

### III.     Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.

The record fails to establish that Plaintiff is entitled to an award of benefits. There does not exist overwhelming evidence that Plaintiff is disabled. Moreover, resolution of Plaintiff's claim requires the resolution of factual disputes which this Court is neither authorized nor competent to undertake in the first instance. The undersigned recommends, therefore, that the Commissioner's decision be reversed and this matter remanded for further factual findings.

### **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, it is recommended that the Commissioner's

decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date:  July 15, 2015    /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge