UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHELLE MOLINA,

            Plaintiff,                                     Hon. Janet T. Neff

v.                                                 Case No. 1:14-CV-648

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act. (ECF No. 23). Plaintiff's counsel seeks $3,587.50 in fees, as detailed in his application. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted**.

On July 15, 2015, the undersigned recommended that the Commissioner's decision be reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 18). This recommendation was subsequently adopted by the Honorable Janet T. Neff. (ECF No. 21-22). Plaintiff's counsel now moves the Court for an award of attorney's fees pursuant to the EAJA. Specifically, counsel seeks to recover $3,587.50 in attorneys fees (28.7 hours multiplied by an hourly rate of $125.00).

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing

party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *DeLong v. Commissioner of Social Security*, 748 F.3d 723, 725-26 (6th Cir. 2014), defined as having "a reasonable basis both in law and fact" and "justified to a degree that could satisfy a reasonable person." *Glenn v. Commissioner of Social Security*, 763 F.3d 494, 498 (6th Cir. 2014). However, the fact that the Commissioner's decision is found to be supported by less than substantial evidence does not preclude a finding that the Commissioner's position was nonetheless substantially justified. *DeLong*, 748 F.3d at 725. Defendant opposes the present motion on the ground that the Commissioner's position was substantially justified.

As detailed in the July 15, 2015 Report and Recommendation, the ALJ failed to properly evaluate the opinion evidence offered by two of Plaintiff's care providers: (1) Dr. Seledotis and (2) Carol Sunday-Rasche, LLP. The undersigned concluded that the ALJ's rationale for discounting Dr. Seledotis' opinion was not supported by substantial evidence, a conclusion to which the Commissioner did not even object. With respect to Carol Sunday-Rasche, the undersigned found that the ALJ incorrectly failed to assess Sunday-Rasche's opinion as the opinion of a treating source. Defendant's argument that her positions in this matter were substantially justified is not persuasive.

Regarding Dr. Seledotis, the undersigned identified two shortcomings with the ALJ's analysis. First, with respect to one particular aspect of the doctor's opinion, which was inconsistent with

the ALJ's RFC finding, the ALJ discounted such with the conclusory statement that such conflicted with the opinions of a different doctor, whose opinions the ALJ concluded were worthy of "little weight." As the undersigned concluded, such rationale did not constitute substantial evidence. Second, the ALJ completely ignored other aspects of Dr. Seledotis' opinion which were inconsistent with his RFC finding contrary to controlling legal authority. Defendant now seeks to rehabilitate the ALJ's deficient opinion by articulating a rationale for discounting Dr. Seledotis' opinion which the ALJ himself did not articulate. The Court fails to discern how an argument, raised in the first instance in response to Plaintiff's motion for EAJA fees, can support a finding that the ALJ's position was substantially justified. As for the ALJ's assessment of Sunday-Rasche's opinion, the ALJ's position *may* be substantially justified, but even if such is the case the outcome is the same because of the deficiencies with respect to the ALJ's assessment of Dr. Seledotis' opinion which by itself supported remand of this matter. Accordingly, the undersigned concludes that the Commissioner's decision in this matter was not substantially justified.

Having determined that counsel is entitled to an award of EAJA fees, the Court must determine whether counsel's request is reasonable. The undersigned concludes that counsel's request, both in terms of the hours worked and hourly rate requested, is reasonable. Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of $3,587.50. However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the undersigned further recommends that any judgment or order entered for EAJA fees be entered in Plaintiff's favor. *Id.* at 591-93; *see also*, 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party").

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act, (ECF No. 23), be **granted**. Specifically, the undersigned recommends that Plaintiff be awarded three thousand, five hundred and eighty-seven dollars and fifty cents ($3,587.50) pursuant to the Equal Access to Justice Act.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date:  October 25, 2016                       /s/ Ellen S. Carmody
                                               ELLEN S. CARMODY
                                               United States Magistrate Judge