UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE L. MOLINA,

    Plaintiff,   Case No: 1:14-cv-648

v.   HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Application for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Dkt 23), requesting $3,587.50 in attorney fees (28.7 hours multiplied by an hourly rate of $125.00). The motion was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court grant Plaintiff's motion (Dkt 25). The matter is before the Court on Defendant's objections to the Report and Recommendation (Dkt 26). Plaintiff filed a response to the objections (Dkt 27). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections.

Defendant first objects that the Magistrate Judge improperly conflated substantial evidence and substantial justification. Defendant asserts that "'[r]emand alone is not a proper basis for the allowance of fees and expenses under the EAJA'" (Dkt 26 at PageID.1311, citing *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014)). Defendant contends that although the Magistrate Judge acknowledged that principle, she did not follow it, did not address the additional

cases cited by Defendant, and never looked beyond the ALJ's articulation problems to the actual record support for the ALJ's decision. Thus, "it is not clear whether Judge Carmody considered the distinction between articulation errors and substantive errors, or whether she agrees that such a distinction exists," particularly because she dismissed Defendant's argument on this issue as "post hoc reasoning" (Dkt 26 at PageID.1314-1315).

Defendant further objects that the Magistrate Judge improperly rejected her substantial justification argument in part because she did not object to the entire July 15, 2015 report recommending remand (*id.* at PageID.1315). Defendant states that she "provided several legally defensible reasons for finding her position as a whole substantially justified despite the ALJ's failure to articulate good reasons for discounting Dr. Seledotis' opinions," and that her arguments were properly raised in her EAJA opposition (*id.* at PageID.1319). Accordingly, the Magistrate Judge's assertion that Defendant seeks "to rehabilitate the ALJ's deficient opinion," is unwarranted and ignores the distinction between substantial evidence arguments and substantial justification arguments (*id.*).

Defendant essentially reiterates her arguments made before the Magistrate Judge in opposing an award of EAJA fees (Dkt 24). The Magistrate Judge properly considered these arguments, and rejected them by citing to the record in succinctly explaining why Defendant's position was not "substantially justified" (Dkt 25 at PageID.1304-1305). Such references to the record do not indicate that the Magistrate Judge disregarded or conflated legal standards, which the Magistrate Judge set forth in detail at the outset of her analysis, stating:

> The burden rests with the Commissioner to establish that his position was substantially justified, *DeLong v. Commissioner of Social Security*, 748 F.3d 723, 725-26 (6th Cir. 2014), defined as having "a reasonable basis both in law and fact" and "justified to a degree that could satisfy a reasonable person." *Glenn v.*

*Commissioner of Social Security*, 763 F.3d 494, 498 (6th Cir. 2014).  However, the fact that the Commissioner's decision is found to be supported by less than substantial evidence does not preclude a finding that the Commissioner's position was nonetheless substantially justified.  *DeLong*, 748 F.3d at 725.  Defendant opposes the present motion on the ground that the Commissioner's position was substantially justified.

The Magistrate Judge noted that as detailed in her July 15, 2015 Report and Recommendation, the ALJ failed to properly evaluate the opinion evidence offered by two of Plaintiff's care providers.  The Magistrate Judge reiterated the specific shortcomings in the ALJ's analysis regarding Dr. Seledotis.  The Magistrate Judge was not persuaded by Defendant's arguments that her position was "substantially justified," given the shortcomings in the ALJ's analysis.  Defendant has shown no error in the Magistrate Judge's reasoning or conclusion.

The Report and Recommendation is properly adopted as the Opinion of this Court.  An Order will be entered consistent with this Memorandum Opinion.


Dated:  March   10, 2017                     /s/ Janet T. Neff
                                             JANET T. NEFF
                                             United States District Judge